```
         THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

                              CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

BARBARA SCHULTZ,                 )      Case No. 2:06CV00954 DS

             Plaintiff,          )

         vs.                     )         MEMORANDUM DECISION
                                                AND ORDER
MICHAEL J. ASTRUE,               )
Commissioner of the Social
Security Administration,
                                 )

             Defendant.          )

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## I. INTRODUCTION

Plaintiff Barbara Schultz filed an application for Social Security benefits alleging a disability beginning on January 25, 2002, due to sleep apnea, diabetes, pancreatitis, depression, bulging discs in her neck, back pain, knee pain, hiatal hernia, and diarrhea. (Tr. 64-66, 108, 117, 395-98). She was forty-one years of age at the time. After a hearing, an administrative law judge ("ALJ") concluded at step five of the five-part sequential evaluation process, *see* 20 C.F.R. § 416.920, *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), that Plaintiff was not disabled because she could perform other jobs in the national economy. Her request for review was denied by the Appeals Council. She now seeks judicial review of the decision of the Commissioner of Social Security denying her claim for benefits.

Plaintiff contends that the ALJ erred in that: (1) she failed to properly evaluate the opinions of Plaintiff's treating physician and Plaintiff's residual functional capacity; and, (2) the ALJ failed to adequately evaluate Plaintiff's mental impairment and its effect on her ability to work.

## II.   STANDARD OF REVIEW

The Court reviews the ALJ's decision only to determine if the factual findings are supported by substantial evidence and if she applied the correct legal standards. *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289 (10th Cir. 1995). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation and citation omitted). The Court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).

## III.   DISCUSSION

**A. Treating Physician's Opinions**

The Court rejects Plaintiff's first claim that the ALJ improperly discounted the opinions of Dr. Stevens, her treating

physician of many years.[1]  Plaintiff asserts that although the ALJ gave a number of reasons for rejecting the opinion of Dr. Stevens, "none of these reasons constitutes a 'good reason' for giving the opinions diminished weight, let alone the specific, legitimate reasons required to reject it completely."  Mem. Supp. p.8.

The ALJ must give substantial weight to the evidence and opinions of the claimant's treating physicians unless good cause is shown for finding to the contrary.  *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987); *see also Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001)("ALJ is required to give controlling weight to a treating physician's well-supported opinion, so long as it is not inconsistent with other substantial evidence in the record").  A treating physician's opinion may be rejected if it is not "well supported by clinical and laboratory diagnostic techniques" and if inconsistent with other substantial evidence of record.  *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994).

---

[1] Plaintiff further asserts that "[i]f the ALJ had given the treating physician's opinion controlling weight, based on the testimony of the vocational expert (Tr. 444-446), plaintiff would not have had the residual functional capacity to perform any job in the national economy, warranting a finding of disabled." Mem. Supp p. 11-12.

Dr. Stevens, Plaintiff's treating physician, opined that Plaintiff was unable to return to full time employment due to a variety of conditions including diabetes, depression, arthritis, sleep apnea and hypothyroidism, as well as various functional limitations. (Tr. 342, 346).

The ALJ stated that she considered the opinions of Dr. Stevens, but for a number of specifically cited reasons gave "his opinions little, if any weight." (Tr. 25).

The Court concludes that the record, when considered in its entirety as the ALJ states she did, sets forth substantial evidence from which the ALJ reasonably could have reached her conclusion and which, amply supports numerous of her reasons for assigning Dr. Steven's opinions "little, if any weight". Thus, the ALJ provided specific legitimate reasons for the weight she accorded Dr. Stevens' opinions.

For example, the record reasonably can be viewed as supporting the ALJ's conclusion that Dr. Stevens' treatment notes "d[id] not provide sufficient detailed examinations to support his opinions as to the claimant's limitations." (Tr. 25). As the ALJ noted, most of Dr. Stevens' treatment notes follow a computerized format and include a cumulative list of problems regardless of whether

Plaintiff continued to complain of, or was treated for, the problem. *See e.g.* Tr. 209-12, 214-15, 218-245, 247-252, 258, 261, 264-265, 271, 274, 277, 307-308, 355-56, 360-61, 363-64, 367-368, 371-372, 399-400. The record further reflects that although Dr. Stevens provided an assessment of Plaintiff to her counsel dated May 5, 2005, he had not seen her since January 18, 2005, which visit was unremarkable. (Tr. 346, 355). A treating physician's opinion may be rejected if his conclusions are not supported by specific findings. *Castellano*, 26 F. 3d at 1029. *See also White v. Barnhart*, 287 F.3d 903, 907-08(10th Cir. 2001)(as various notes by treating physician, stating claimant was unable to return to work, did not indicate that they were the product of an examination, ALJ properly rejected treating physician's assessment as based on claimant's subjective assertions rather than objective medical evidence).

The record also can be viewed as supporting the ALJ's conclusion to give little weight to Dr. Stevens' opinions on the grounds that he provided relatively conservative, routine, and infrequent treatment for Plaintiff's allegedly disabling conditions. With one exception, Plaintiff does not dispute the following summary by the ALJ of her visits to Dr. Stevens.

> During 2002, claimant saw Dr. Stevens a total of nine times regarding a cough ..., to follow up on diabetes ..., heartburn ..., ingrown toe nails ..., and pancreatitis.... During 2003, the claimant saw Dr.

5

> Stevens nine times regarding follow up on diabetes ..., shoulder and arm pain ..., diarrhea..., headache..., neck pain..., depression.... During 2004, the claimant saw Dr. Stevens 5 times regarding a 3 month checkup..., diabetes..., headaches..., low back pain with radiation.... During the first five months of 2005, the claimant only contracted her physician' office for medication refills.

(Tr. 25, citations omitted). Plaintiff disputes the ALJ's last statement regarding no visits during the first five months of 2005. "The Commissioner acknowledges that the record contained evidence of one visit to Dr. Stevens in January 2005, despite the ALJ's notation that Plaintiff did not see Dr. Stevens in 2005 (Tr. 25, 355-56)." Answer Br. p.18, n7. The Court agrees with the Commissioner that "this treatment note did not contain detailed examination findings and failed to show objective evidence that Plaintiff had limitations in excess of those assessed by the ALJ." *Id*. *See Branum* v. *Barnhart*, 385 F.3d 1268, 1274-75 (10th Cir. 2004) (upholding ALJ's rejection of treating physician's opinion, in part, because the physician saw Plaintiff infrequently and the only treatment provided was medical prescriptions).

Similarly, the record supports the ALJ's observation, that Dr. Stevens' May 2005 notation that Plaintiff was often unwilling or unable to afford medications, "usually because of cost", was inconsistent with the increasing number of medications he prescribed and with evidence that Plaintiff had Medicaid coverage as early as 2001. (Tr. 25-26, 430-31,437). Also supported by the

record is the ALJ's conclusion that Dr. Stevens' estimates of Plaintiff's limitations vary from report to report and are internally inconsistent. (Tr. 25, 346-347).

The ALJ's determination as to the weight she accorded Dr. Stevens' opinions is further supported by the opinions of the State agency physician's opinion that Plaintiff was capable of performing a significant range of light work. (Tr. 26, 333-340).

Likewise, the ALJ's consideration of Plaintiff's work history in finding that Plaintiff's limitations were not as severe as Dr. Stevens indicated, was in the context of the record as a whole, a legitimate factor for the ALJ to consider in determining the weight to give Dr. Stevens' opinions. As the Commissioner notes, Plaintiff's onset date for this claim was not related to any specific event or deterioration in her condition, but was one day after the prior final determination that she was not disabled as required. See 20 C.F.R. §§ 404.981; 404.957(c)(1). A Claimant's work history, while alone not conclusive, is a relevant factor in determining whether the claimant's symptoms are of disabling severity. See 20 C.F.R. §404.1529(c)(3); *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993)(fact that a claimant stops working for reasons unrelated to her impairments may, along with other evidence

constitute substantial evidence supporting the conclusion that she is not disabled).

In sum, the record can reasonably be viewed as supporting the ALJ's decision to discount Dr. Stevens' opinions.

### B.  Evaluation of Mental Impairment

Plaintiff's next contention, that the ALJ failed to adequately evaluate her mental impairment and its effect on her ability to work, is also rejected.  Specifically, Plaintiff contends that, although Dr. Stevens noted she had deficiencies in maintaining attention and concentration and in social functioning, and that her depression was only minimally controlled by medication, and that she had suicidal thoughts, the ALJ failed to reference any of the "A, B, or C criteria of the mental health listings in her discussion of whether this impairment meets or equals a listing.

The ALJ found that Plaintiff's degenerative disc disease, diabetes, obesity, history of sleep apnea, history of hypothyroidism, dynthymic disorder, and personality disorder were severe impairments at step two of the sequential evaluation process.  The ALJ, however, concluded that Plaintiff failed in her burden to show that her impairments imposed functional limitations so severe as to preclude any substantial gainful activity for at least 12 consecutive months.  *Barnhart v. Walton*, 535 U.S. 212, 214

(2002).  "For a claimant to show that h[er] impairment matches a listing [at step three], it must meet all of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

The record reflects that the ALJ considered Plaintiff's physical and mental impairments under Listings 1.0, 9.0, and 12.00, but found that Plaintiff "ha[d] not presented the specific clinical and laboratory findings required by these sections or any other section..." (Tr. 19). *See Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987)(it is claimant's burden to show that her impairment is one that is conclusively presumed to be disabling).

The medical evidence reasonably can be viewed as failing to reveal mental limitations so sever as to be presumptively disabling.  On May 6, 2002, Dr. David Kramer of Valley Mental Health diagnosed Plaintiff with major depressive disorder, single episode, dysthymic disorder, rule out social phobia, rule out obsessive-compulsive disorder, and personality disorder, not otherwise specified, with dependent and passive-aggressive features. (Tr. 169-71).  However, Dr. Kramer also observed that Plaintiff was fully oriented, had an "okay" mood, full affect, normal speech, logical thought processes, normal thought content, good fund of knowledge, present insight, good judgment, and no active suicidal ideation (Tr. 22, 169-71).

9

Although during Dr. McGill's examination at Valley Mental Health in October of 2003, Plaintiff appeared depressed, she was fully oriented and had intact memory, normal motor behavior, low-average intelligence, and no evidence of a thought disorder. Dr. McGill concluded that Plaintiff could focus on simple tasks and follow two-step instructions (Tr. 22, 302-06).

In 2002 Plaintiff was discharged from therapy at Valley Mental Health for noncompliance after only three sessions. (Tr. 21-22, 173). She restarted therapy in October of 2003, but again dropped out after only a few appointments, stating that "I don't like to share what's in my head". (302-06, Tr. 22). *See, e.g., Shepheard v. Apfel*, 184 F.3d 1196, 1202 (10th Cir. 1999)(ALJ's determination supported by the fact that claimant's physical therapy sessions were canceled because he failed to show up for them); *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988)(frequency of medical contacts and extensiveness of the attempts to obtain relief may be considered in evaluating credibility).

The ALJ's determination was also supported by the opinions of the State agency psychologist who concluded that Plaintiff had, at most, "moderate" mental limitations. (Tr. 310-28). *See Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988)( an ALJ may consider

other medical opinion evidence in rejecting the opinion of a treating physician).

In sum, the record reasonably can be viewed as supporting the ALJ's finding that Plaintiff had failed to establish any disabling mental limitations.

## IV.   CONCLUSION

Because, the record contains substantial evidence from which the Commissioner reasonably could conclude that Plaintiff was not disabled within the meaning of the Social Security Act, and for the forgoing reasons, the decision of the Commissioner as to the Plaintiff Barbara Shultz is affirmed.

DATED this 31st day of July, 2007.

BY THE COURT:

_David Sam_
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT